IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-883-BO

| | | |
|---|---|---|
| CAROLYN LYNCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TRANSIT MANAGEMENT OF | ) | |
| CHARLOTTE d/b/a MCDONALD | ) | |
| TRANSIT, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and plaintiff's motion to transfer venue to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1406. [DE 7 & 11]. Defendant has not responded to the motion to transfer, and both motions are ripe for ruling.

Because defendant is located in Charlotte and a substantial part of the events or omissions giving rise to plaintiff's claims appear to have transpired in Charlotte, the Court finds that the Western District is the proper venue for this action. *See* 28 U.S.C. § 1391. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court finds that in the interests of justice transfer of this action is warranted.

## CONCLUSION

Accordingly, defendant's motion to dismiss is DENIED and plaintiff's motion to transfer is GRANTED. The Clerk of Court is DIRECTED to transfer this action to the United States District Court for the Western District of North Carolina.

SO ORDERED, this 14 day of February, 2017.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE